IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 22-415-BAH |
| SUSANN SYDNOR, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff United States of America ("United States") brought this civil action against Defendant Susann Sydnor ("Defendant") to collect unpaid trust fund recovery penalties for which the United States alleges Defendant was responsible pursuant to 26 U.S.C. § 6672. ECF 1. Pending before the Court is the United States' unopposed Motion to Compel Discovery Responses (the "Motion"). ECF 40. The Motion is accompanied by a memorandum of law and exhibits, including a declaration of attorney Joshua Zimberg (ECF 40-2), multiple email chains between counsel (ECF 40-4; ECF 40-5; ECF 40-7; ECF 40-8; ECF 40-9; ECF 40-10; ECF 40-11; ECF 40-12; ECF 40-13; ECF 40-14; ECF 40-15; ECF 40-16; ECF 40-17; ECF 40-18; ECF 40-19; ECF 40-20), and the United States' First Set of Interrogatories and Requests for Production (ECF 40-6).[1] Defendant did not respond and the time to do so has passed. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the United States' Motion is **GRANTED**.

---

[1] The Court refers to all documents by their respective ECF numbers. Page citations refer to the ECF-generated page numbers at the top of the page.

I. **DISCUSSION**

The United States alleges that while Defendant was the Secretary/Treasurer of GDS Equipment Rental, Inc. ("GDS") between 2006 and 2010, Defendant willfully failed to pay the federal withholding and Federal Insurance Contributions Act ("FICA") taxes that had been withheld from GDS employees' paychecks. ECF 1 ¶¶ 6–10. As a result, the United States estimates that as of February 16, 2022, the outstanding balance owed, for which the United States contends Defendant is personally liable, is $2,224,195. *Id.* ¶¶ 12–13. Through counsel, Defendant answered the complaint. ECF 14. Defendant admitted that she was the Secretary/Treasurer of GDS during the relevant time and that GDS failed to pay the tax liabilities, *id.* ¶¶ 6–9, but disputes that such failures were willful, *id.* ¶¶ 10–12.

In the Motion, the United States asserts that it propounded its First Set of Interrogatories and Requests for Production on February 9, 2023. ECF 40-1, at 3; ECF 40-2 ¶ 3. Under the Federal Rules, Defendant's responses were due Monday, March 13, 2023. Fed. Rs. Civ. P. 33(b)(2), 34(b)(2)(A), 6(a)(1)(C). The United States contends that it had been working cooperatively with defense counsel and had afforded Defendant a brief extension for the discovery responses. ECF 40-1, at 3; ECF 40-2 ¶ 4. In the following months, counsel for the United States followed up with defense counsel multiple times regarding the status of the yet outstanding discovery requests and warned that the United States would move to compel should Defendant continue to delay in complying with the requests. ECF 40-1, at 3; ECF 40-2 ¶ 5. The discovery requests still outstanding, the parties engaged in settlement talks during this time, and it appeared imminent that Defendant would sign a consent judgment. ECF 40-1, at 3–4; ECF 40-2 ¶¶ 6–12. In August 2023, however, defense counsel informed the United States that they intended to withdraw as counsel for Defendant. ECF 40-1, at 4; ECF 40-2 ¶ 12.

The United States filed the instant Motion on November 8, 2023, noting that its February 9, 2023, discovery requests remained outstanding and "Defendant has not provided a signed Consent Judgment or any other documentation in furtherance of settlement discussions." ECF 40-1, at 4.  After the Motion was filed, the Court ordered Defendant to provide her position on the Motion.  ECF 42.  The next day, counsel for Defendant filed the motion to withdraw, citing irreconcilable differences, ECF 44, which the Court granted, ECF 45.  As Defendant was now proceeding *pro se*, the Court ordered the United States to serve the Motion on Defendant and extended Defendant's deadline to respond.  ECFs 45, 48.  The United States complied, ECFs 47, 49, but Defendant did not respond.  There is no indication that Defendant has otherwise provided the discovery responses sought in the Motion.

Under the Federal Rules, a party has thirty days from the date of service of interrogatories and requests for production of documents to respond.  Fed. Rs. Civ. P. 33(b)(2), 34(b)(2)(A). "Rule[s] 37(a)(3)(B)(iii) [and (iv)] allow[] a party to move to compel a response if a party fails to answer an interrogatory submitted under Rule 33" or fails to produce documents requested under Rule 34.  *McFeeley v. Jackson St. Ent., LLC*, Civ. No. DKC 12-1019, 2016 WL 1446780, at *3 (D. Md. Apr. 13, 2016).  In moving to compel, the movant "must include a certification that [it] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Here, the United States served Defendant with interrogatories pursuant to Rule 33 and requests for production of documents pursuant to Rule 34 on February 9, 2023.  Over half a year later, as of the filing of the Motion in November 2023, Defendant still had not responded. Defendant does not dispute that she has altogether failed to respond to the United States' discovery requests and has not provided any reason, let alone good cause, to justify the delay.  The Motion

also makes clear that counsel for the United States attempted in good faith to confer with Defendant through counsel, who remained her representative through the filing of the Motion. The United States argues that it is prejudiced by Defendant's failure to provide discovery responses because "it has not been given any opportunity to explore the facts underpinning Sydnor's defense to the Government's claims and the Government has had to 'incur significant additional legal fees as a result of [Sydnor's] continued discovery abuses.'" ECF 40-1, at 7 (citing *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212 (4th Cir. 1998)). The Court agrees. As such the United States' Motion is GRANTED. Because Defendant is now *pro se*, the Court will afford Defendant more time to respond than the United States requested. Defendant will have twenty-one (21) days from the date of the accompanying Order to respond fully to the United States' interrogatories and requests for production of documents. Defendant is forewarned that failure to provide the discovery responses may result in default judgment being entered against her upon the United States' motion for default judgment.

## II.     CONCLUSION

For the foregoing reasons, the United States' Motion to Compel Discovery Responses, ECF 40, is GRANTED. An implementing Order will issue separately.

Dated: February 20, 2024

/s/
Brendan A. Hurson
United States District Judge