IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil No. 22-415-BAH |
| SUSANN SYDNOR, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff United States of America ("United States") brought this civil action against Defendant Susann Sydnor ("Defendant") to collect unpaid trust fund recovery penalties for which the United States alleges Defendant was responsible pursuant to 26 U.S.C. § 6672. ECF 1. Pending before the Court is the United States' unopposed Motion for Default Judgment (the "Motion"). ECF 54. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the United States' Motion will be **GRANTED**.

### I.   BACKGROUND

The United States alleges that while Defendant was the Secretary/Treasurer of GDS Equipment Rental, Inc. ("GDS") between 2006 and 2010, Defendant willfully failed to pay the federal withholding and Federal Insurance Contributions Act ("FICA") taxes that had been withheld from GDS employees' paychecks. ECF 1, at 2 ¶¶ 6–10. As a result, the United States estimates that, as of February 16, 2022, the outstanding balance owed, for which the United States contends Defendant is personally liable, is $2,224,195. *Id.* at 3 ¶¶ 12–13. As of July 8, 2024—the date of filing the motion for default judgment—the United States estimates that Defendant is

liable in the amount of $2,587,314.98, plus statutory interest and additions to tax that have accrued or will accrue. ECF 54-2, at 4. Though a delegate of the Secretary of the Treasury gave Defendant notice and demand for payment of the balance in accordance with 26 U.S.C. § 6303, Defendant failed to pay the full amount due. ECF 1, at 4 ¶¶ 14, 16.

The United States filed the complaint on February 17, 2022. *See* ECF 1, at 5. Defendant answered the complaint through counsel on July 28, 2022. *See* ECF 14, at 3. Defendant admitted that she was the Secretary/Treasurer of GDS during the relevant time and that GDS failed to pay the tax liabilities, *id.* ¶¶ 6–9, but denies that such failures were willful, *id.* ¶¶ 10–12. On May 6, 2022, while Defendant's answer was outstanding, the United States filed a motion for entry of default, *see* ECF 8, which was granted, *see* ECF 9. The entry of default was vacated on July 29, 2022, upon receipt of Defendant's answer and motion to vacate, *see* ECF 15.

The parties received numerous extensions of time to engage in settlement efforts and exchange discovery. *See* ECFs 24, 31, 33, 35, 39. On November 8, 2023, the United States filed a motion to compel Defendant's discovery responses to requested production of documents and interrogatories. ECF 40, at 1–2. The Court granted the motion on February 20, 2024 and ordered Defendant to provide fully executed discovery responses. *See* ECFs 50, 51.

Thereafter, the Court set a deadline of June 11, 2024 for the parties to file a joint status report. ECF 52. The United States responded on June 26, 2024 and indicated that it had not received a response from Defendant regarding its discovery requests or the Court's order to compel. ECF 53, at 1. In the same status report, the United States indicated that it had been unable to make contact with Defendant and noted its intent to file a motion for default judgment. *Id.* Plaintiff had previously been forewarned that failure to comply with the Court's order to compel

discovery responses may result in entry of default judgment against her upon the United States' motion for such. ECF 50, at 4.

On July 8, 2024, the United States filed this motion for default judgment, citing Defendant's failure to respond to the discovery requests and concomitant failure to abide by the Court's order to compel the responses. ECF 54, at 1. Defendant did not respond.

## II. **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

A plaintiff is not automatically entitled to default judgment simply because no defendant has responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, Civ. No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, Civ No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the United States Court of Appeals for the Fourth Circuit maintains a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive, *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

When considering a motion for default judgment, the Court takes as true all well-pleaded facts in the complaint other than those related to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In exercising this task, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *See, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 544 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted." (internal quotation marks omitted)). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780. "The party moving for default judgment has the burden to show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted).

If the complaint avers sufficient facts from which to find liability, the Court must turn to the question of damages. *See Ryan*, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot simply accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d at 422. Damages are limited to those requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Further, while the Court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary

4

evidence in the record to determine the appropriate sum. *See Lawbaugh,* 359 F. Supp. 2d at 422; *Monge v. Portofino Ristorante,* 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases). "Although '[p]roceeding without a hearing is the exception,' the court may award damages without a hearing if 'the record supports the damages requested,' such as through comprehensive, detailed, and uncontroverted exhibit and affidavit evidence establishing the amount of damages." *Balt. Line Handling Co.,* 771 F. Supp. 2d at 541 (quoting *Monge,* 751 F.Supp.2d 789 at 794)).

### A.   Appropriateness of Default Judgment

In the case at hand, Defendant has been unresponsive since the Court issued the order to compel discovery responses in February 2024. Over a year has passed and Defendant has failed to respond to the Court's order to compel, an order setting a deadline for a joint status report, and the United States' motion for default. And the United States indicates that Defendant has not only failed to respond to its discovery requests but has also failed to make "any contact with the United States at all." ECF 54-1, at 2. The *Lawbaugh* court found that entry of default was appropriate in a similar situation where the defendant was likewise "unresponsive for more than a year" despite "ample notice of impending judgment by default." *Lawbaugh,* 359 F. Supp. 2d at 422; *see also United States v. Wright,* Civ. No. TDC-24-0026, 2024 WL 5181775, at *2 (D. Md. Dec. 20, 2024) (granting a plaintiff's motion for default judgment where defendant "neither filed an [a]nswer or otherwise defended against the [c]omplaint" ten months after being properly served). Such precedent suggests that entry of default judgment is appropriate in this case, too.

Further, Federal Rule of Civil Procedure 37(d) permits a court to "render[] a default judgment" against a party who fails to serve answers or objections to interrogatories. Fed. R. Civ. P. 37(d)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)). A court's discretion in determining whether to impose such a sanction is guided by a consideration of:

5

1. Whether the noncomplying party acted in bad faith;
2. The amount of prejudice his noncompliance caused his adversary;
3. The need for deterrence of the particular sort of noncompliance; and
4. The effectiveness of less drastic sanctions.

*Wilson v. Country Care, LLC*, Civ. No. RDB-12-1731, 2013 WL 2299720, at *1 (D. Md. May 24, 2013) (citing *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). These factors, especially the first and fourth, weigh in favor of granting default judgment in favor of the United States here. With respect to the first factor, Defendant's continual refusal to provide discovery responses or cooperate in the litigation yields a finding on bad faith. *See id.* Moreover, the Court concludes that such a drastic sanction is necessary given the extreme length of Defendant's delay and especially in light of the Defendant's failure to abide by the Court's February 2024 order compelling discovery production. *See Mut. Fed. Sav.*, 872 F.2d at 92 (determining that default judgment is appropriate where a "party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules"). Simply put, Defendant has ignored court orders in the past and thus the Court is not inclined to issue additional warnings. The Court therefore concludes that judgment by default is warranted here.

## B. Liability and Damages

Taking the well-pleaded allegations in the complaint as true, the United States has established Defendant's liability for willful failure to pay federal withholding and FICA taxes. ECF 1, at 3–4 ¶¶ 12–16. "Official tax assessments carry a legal presumption of correctness with regards to both tax liability and the specific amount owed." *United States v. Kachikwu*, Civ. No. GJH-21-1546, 2023 WL 155248, at *2 (D. Md. Jan. 11, 2023) (citing *United States v. Zen Enterprises, Inc.*, Civ. No. DKC 19-3294, 2021 WL 3112931, at *3 (D. Md. July 22, 2021)); *see also United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The factual allegations of the complaint and the calculation of damages are supported by the sworn affidavit of a Revenue

6

Officer of the Internal Revenue Service ("IRS") that the United States attaches to its motion for default judgment. *See* ECF 54-2, at 1–4. A taxpayer may rebut the presumption of correctness by providing "credible evidence that the assessment is erroneous." *United States v. Akins*, Civ. No. 1:16-00084-JMC, 2018 WL 2045546, at *1 (D. Md. May 2, 2018) (citing *United States v. Janis*, 428 U.S. 433, 440 (1976)). Defendant has failed to provide such "credible evidence" and has indeed only generally denied that her failure to pay the required taxes was willful, not the actual total itself. ECF 14, at 2 ¶¶ 10–12. Where, as here, a defendant "neither offers evidence that the assessments are incorrect nor evidence of what [ ] the correct amount should be," the presumption of correctness afforded the tax assessment is not overcome and the government has sufficiently established both tax liability and the amount of damages owed. *Akins*, 2018 WL 2045546, at *2.

For the reasons stated above, the evidence provided by the United States has established its entitlement to damages in the amount of Defendant's unpaid taxes, plus any interest and penalties. The Court will therefore enter default judgment against Defendant for $2,587,314.98, plus interest and any statutory additions that have accrued since the date of last assessment in June 2024 and that will continue to accrue until the balance is paid in full. *See United States v. Moschonas*, Civ. No. DKC 19-0332, 2020 WL 6545884, at *3 (D. Md. Nov. 6, 2020) (ordering default judgment for unpaid taxes owed at the time of assessment plus "interest and statutory additions accruing after that date").

### III. CONCLUSION

For the foregoing reasons, the motion for default judgment, ECF 54, is GRANTED. An implementing Order will issue separately.

Dated: March 10, 2025                                             /s/
                                                                          Brendan A. Hurson
                                                                          United States District Judge